**IN THE UNITED STATES DISTRICT COURT FOR THE0
NORTHERN DISTRICT OF WEST VIRGINIA**

**TRACY RHINE,**

    **Plaintiff,**

v.                                             **Civil Action No. 3:13cv21**
                                                  **(Judge Groh)**

**UNITED STATES,**

    **Defendant.**

**REPORT AND RECOMMENDATION**

On February 25, 2013, the plaintiff, Tracy Rhine, then an inmate at FMC Carswell, filed this *pro se* Federal Tort Claim Act. On that same date, the Clerk sent the plaintiff a Notice of Deficient Pleading which advised her that she must file her complaint on the court-approved form which was enclosed and either pay the $350 filing fee or submit an application to proceed *in forma pauperis* together with a Prisoner Trust Account Report ("PTAR") and Consent to Collection. On March 19, 2013, the plaintiff filed a partial application to proceed *in forma pauperis*, a PTAR and a Consent to Collection. However, as of the date of the Report and Recommendation, she has not submitted her complaint on the court-approved form. However, because the plaintiff is not entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), there is no need to wait receipt of that form.

The PLRA has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plaintiff has had at least three non-habeas civil actions or appeals previously dismissed as frivolous or for failing to state a claim upon which relief may be granted. On April 8, 2011, the United States District Court for the Northern District of Texas dismissed Civil Action No. 4:11-cv-026-Y for failure to state a claim for relief. On April 5, 2012, the United States District Court for the Northern District of Texas dismissed Civil Action No. 4:12-cv-064-A with prejudice pursuant to 42 U.S.C. § 1915A(b)(1). On September 12, 2012, the United States District Court for the Southern District of Illinois dismissed Case No. 3:12-cv-214-JPG with prejudice for failure to state a claim upon which relief can be granted.

As set forth above, the plaintiff has filed at least three civil actions which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Therefore, based on the strikes the plaintiff has accumulated, she may not file another complaint without prepayment of fees unless she is in "imminent danger of serious physical injury." The plaintiff is seeking monetary damages from the United States based on the alleged negligence of SFF Hazelton staff in protecting her from a physical attack from another inmate. The undersigned notes that the other inmate is no longer in the custody of the Bureau of Prisons having escaped while in transit to a halfway house. Clearly then, she is under no imminent danger of serious physical injury. Moreover, to the extent that she alleges that she suffers from a permanent back injury and random bouts of dizziness, blurred vision, and double vision, she again fails to state a claim which

would suggest that she is in imminent danger of serious physical injury.

The undersigned is aware that the plaintiff has been released from custody since filing her complaint. However, Section 1915(g) begins: "In no event shall a prison **bring** a civil action or appeal" if on three or more occasions [s]he has brought a suit that qualifies as a strike. 28 U.S.C. § 1915(g) (emphasis added). The use of the word "bring" offers a clear indication that the provision goes into effect and bars the suit under the *in forma pauperis section* at the moment the plaintiff filed her complaint. See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998)(in determining when the "imminent danger" exception applies, noting that "the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made"). "Had Congress intended that the three strikes rule would no longer apply once a prisoner has been released, it would have written the statutory provision differently." Harris v. City of New York, 607 F.3d 18 (2nd Cir. 2010). Therefore, because the plaintiff was a prisoner when she brought this action, the text of the statute mandates that the three strikes rule apply.

For the reasons stated above, it is hereby **RECOMMENDED** that the plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 8) be **DENIED** and her complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §1915(g). See Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. [S]he must pay the filing fee at the time [s]he initiates the suit.").

Within fourteen days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation

3

to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 4 th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the plaintiff, by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

DATED: April 4, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE